**Asuncion Cosme de HAWKINS; Alberto Pietri and Rafael L. Soto, Petitioners-Plaintiffs,**

**v.**

**Hon. Roberto SANCHEZ VILELLA, Governor of the Commonwealth of Puerto Rico; the Commonwealth of Puerto Rico; the Secretary of Justice of the Commonwealth of Puerto Rico; the Chairman of the Commonwealth Board of Elections, Ernesto Mieres Calimano, Defendants.**

Civ. No. 694–68.

United States District Court
D. Puerto Rico.

Oct. 28, 1968.

Antonio Cordova Gonzalez, San Juan, P. R., for petitioners-plaintiffs.

José C. Aponte, Secretary of Justice, Dept. of Justice, San Juan, P. R., for defendants.

### ORDER

FERNÁNDEZ - BADILLO, District Judge.

Twelve days before the general election which is to be held on November 5, 1968 in the Commonwealth of Puerto Rico, a petition for declaratory judgment has been filed in this Court purporting to challenge the constitutionality of a provision of the Election Law, 16 L.P.R.A. § 1 et seq., specifically of § 173,[1] which was added in May 8, 1936. This provision declares incompatible any office discharged under or paid by the Federal Government of the United States or any of its agencies in Puerto Rico with the offices of members of poll boards and of challengers.

Although the doctrine of allocation of powers between the states and central governments and that of separation of powers between the three branches of government have been basic structures of our republican scheme, we have recognized also since old times the power of the judicial branch to declare laws unconstitutional. Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 2 L.Ed. 60 (1803).

Nevertheless, the principle of judicial scrutiny of legislative acts which raise constitutional questions has been applied with utmost care and reserve in deference and due respect to the legislative branch of state and federal governments. Not only basic constitutional limitations have been considered, but even discretionary abstentions have been developed by the Judiciary in order to prevent undue interference with one of the important coordinate powers of government. Ashwander v. T V A, 297 U. S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936), concurring opinion of Justice Brandeis, pp. 346–348; Rescue Army v. Municipal Court of Los Angeles, 331 U.S. 549, 67 S.Ct. 1409, 91 L.Ed. 1666 (1947).

Although Puerto Rico has not been and is not a state of the Union, these

---

1. "The office of Commonwealth policeman and any other office discharged under, or paid by, the Federal Government of the United States or any of its agencies in Puerto Rico on the date elections are held, or discharged or paid for during the two months prior thereto, are declared incompatible with the offices of members of poll boards and of challengers, an incompatibility which shall be taken by said members of the poll boards and the challengers before they begin to discharge their respective offices. No person shall wear a uniform of any armed body of the United States or of Puerto Rico while discharging the office of member of a poll board or of challenger therein."

502

principles were applied to the organized government of pre-Commonwealth Puerto Rico in its relations to the United States, People of Puerto Rico v. Shell Co. (P.R.) Limited, 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235 (1937), and have been also applied to the present Commonwealth Government in its new relations with the United States. Mora v. Mejías, 206 F.2d 377 (1953).

The three petitioners in this declaratory judgment case allege that they are federal employees who have been paid for the discharge of their offices during the two months prior to the November elections and that two of them, Alberto Pietri and Rafael L. Soto, have applied for and been permitted to serve as members of a poll board and/or challenger during such election. Petitioner Asuncion Cosme de Hawkins asserts that she has pending before the Commonwealth Board of Elections an application to serve as a member of a poll board and/or challenger of a polling place, but she does not allege that the same has been denied to her.

Nowhere in the complaint is there an allegation that in the course of their duty defendants have denied petitioners permission to serve as officers of polling places in the coming election. The non-justiciability of petitioners' claims is apparent from the face of the complaint. This case does not contain the elements of an adversary proceeding. There being no justiciable controversy present there can be no constitutional adjudication. Petitioners pretend that this Court render an advisory opinion upon the constitutionality of a Commonwealth statute. This Court has no right to pronounce such an opinion. United Public Workers of America (C. I.O.) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); Cf. Flast v. Cohen, 392 U.S. 83, 94–101, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1967). The Federal Declaratory Judgment Act, 28 U.S. C. §§ 2201, 2202, limits itself to "cases of actual controversy", thus manifesting due regard to the constitutional limitations and becoming operative only in re-

spect to controversies which are such in the constitutional sense. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000 (1937).

For the reasons aforementioned it is hereby ordered, adjudged and decreed that the petition for declaratory judgment filed on October 24, 1968 be denied. It is further ordered that the accompanying motion requesting preference in the calendar and immediate hearing also be denied.